# In the United States Court of Federal Claims

No. 24-91

Filed: January 26, 2024

---

**HELAMAN HANSEN,**

        *Plaintiff*,

v.

**THE UNITED STATES,**

        *Defendant*.

---

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

      Pro se Plaintiff Helaman Hansen ("Hansen") brings this action seeking over $56 billion in damages and to correct government action for future generations. (Compl., ECF No. 1). Hansen alleges—at length and with voluminous exhibits—that the United States' government used "illegal, untrue, and . . . unconstitutional information," did not keep its promises to the United Nations and broader international community, particularly in the South Pacific, and violated his constitutional rights. (*Id.* at 3–26). However, because Hansen's claims lie outside the Court's subject-matter jurisdiction, the Court dismisses Hansen's Complaint pursuant to RCFC 12(h)(3).

      Determining whether a court has subject-matter jurisdiction is a threshold issue in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1988). The United States Court of Federal Claims is a specialty court. *Terran ex rel. Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). The Court has the authority to review challenges that fall within its subject-matter jurisdiction, *see* RCFC 12(h)(3), which is principally governed by the Tucker Act. 28 U.S.C. § 1491. The Tucker Act grants this Court jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the government. 28 U.S.C. § 1491(a)(1). Under RCFC 12(h)(3), this Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

      Plaintiffs bear the burden of establishing subject-matter jurisdiction, RCFC 12(b)(1), and must do so by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Pro se plaintiffs—like Hansen—are generally held to "less stringent standards" than those of a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, pro se plaintiffs must still satisfy their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987);

*see also Zulueta v. United States*, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quotation and citation omitted)). Hansen cannot meet this burden, as the claims do not fall within the Court's jurisdiction.

When reading the Complaint liberally, the Court understands Hansen to allege that the United States government engaged in unlawful action and did not help support the peoples in the South Pacific. (Compl. at 3–26). Hansen further alleges that such failures inhibit the United Nations' mission, particularly protecting human rights and the value of family enshrined in the United Nations' Universal Declaration of Human Rights ("UDHR"). (*Id.*). However, the Court lacks jurisdiction to hear any claims relating to the United Nations or the UDHR. *Gimbernat v. United States*, 84 Fed. Cl. 350, 354 (2008) ("UDHR does not contain any substantive rights enforceable against the federal government for money damages, as required under the Tucker Act[.]"); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Further, it is well established that the United States is the only proper defendant in in this Court. *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Mendez v. United States*, No. 12-498, 2012 WL 6005388 *2 (Fed. Cl. Nov. 29, 2012) ("allegations against nonfederal entities and individuals, such as the United Nations . . . must be dismissed."). Here, Hansen's Complaint includes a "letter of complains [sic] to the United Nations" that seeks to resolve human rights issues for "the sake of our upcoming generations." (Compl. at 4). These claims are not within the Court's jurisdiction.

The Court also reads Hansen's Complaint liberally to implicate the Fifth and Fourteenth Amendments' Due Process and Equal Protection clauses. *Id.* at 18–21). However, it is well established that the Fifth and Fourteenth Amendment Due Process and Equal Protection clauses are not money-mandating sources of law, so the Court lacks jurisdiction over those claims. *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) (Fifth Amendment's Due Process and Equal Protection clauses not money-mandating); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment's Due Process and Equal Protection clauses not money-mandating).

For the stated reasons, Hansen's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3). Hansen's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 2), is **GRANTED**. The Clerk **SHALL** enter judgement accordingly. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.

**IT IS SO ORDERED.**



*David A. Tapp*
DAVID A. TAPP, Judge